# Exhibit

# A

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM                    INDEX NO. EF001665-2018
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 02/09/2018

Date of Filing:

Index #:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
80 Grand Ave.
Middletown NY 10940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
JACELL GIBSON,

                           Plaintiff,                  **SUMMONS**

    -against-

SAM'S CLUB STORE #6423 and
SAM'S EAST, INC.,

                        Defendants.
------------------------------------------------------------X

To the above-named defendants:

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within -20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                       SOBO & SOBO, LLP

                                                       Alexander Tesoriero, ESQ.
                                                       Attorneys for Plaintiff
                                                       One Dolson Avenue
                                                       Middletown, NY 10940
                                                       (845) 343-0466

Dated: February 8th, 2018
        Middletown, New York
Defendants' addresses: See Complaint

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001665-2018
RECEIVED NYSCEF: 02/09/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
JACELL GIBSON,

                        Plaintiff,

           -against-

SAM'S CLUB STORE #6423 and
SAM'S EAST, INC.,

                       Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

     Plaintiff, JACELL GIBSON, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

     1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

     2. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

     3. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was and still is a foreign corporation duly authorized to do business within the State of New York.

     4. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was and still is a business entity doing business within the State of New York.

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001665-2018
RECEIVED NYSCEF: 02/09/2018

5. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was and still is a foreign corporation doing business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was the owner of a certain premises located at 300 North Galleria Drive, Middletown, New York, County of Orange, State of New York, known as "Sam's Club."

9. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, maintained the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, managed the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, controlled the aforesaid premises.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, operated the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was the lessee of the aforesaid premises.

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001665-2018
RECEIVED NYSCEF: 02/09/2018

14. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S CLUB STORE #6423, was the lessor of the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was the owner of certain premises located at 300 North Galleria Drive, Middletown, New York, County of Orange, State of New York, known as "Sam's Club."

16. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., maintained the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., managed the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., controlled the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., operated the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was the lessee of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, SAM'S EAST, INC., was the lessor of the aforesaid premises.

22. That at all times hereinafter mentioned, the floor, located on the aforesaid premises was the situs of the within accident.

23. That on or about the 25th day of November, 2015, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001665-2018
RECEIVED NYSCEF: 02/09/2018

24. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

25. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

26. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

27. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

28. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further

FILED: ORANGE COUNTY CLERK 02/09/2018 11:39 AM
NYSCEF DOC. NO. 1

INDEX NO. EF001665-2018
RECEIVED NYSCEF: 02/09/2018

was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

29. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: February 8th, 2018
Middletown, New York

Alexander Tesoriero, ESQ.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

TO: SAM'S CLUB STORE #6423
C/O DEFENDANT IN PERSON
300 NORTH GALLERIA DRIVE
MIDDLETOWN, NY 10941

SAM'S EAST, INC.,
C/O SECRETARY OF STATE
ALBANY, NY 12260

# VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE     ss:

JACELL GIBSON, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*[signature]*
JACELL GIBSON

Sworn to before me on this

8th day of February 2018

*[signature]*
NOTARY PUBLIC

VERONICA M. WESLEY
Notary Public, State of New York
Qualified in Orange County
Registration No. 01WE6075427
Commission Expires June 3, 20__



WM 18-152 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
JACELL GIBSON,

                Plaintiff,

-against-

SAM'S CLUB STORE #6423 and SAM'S EAST, INC.,

                Defendants.
-----------------------------------------------------------------X

Index No.: EF001665/18

**VERIFIED ANSWER**

      The defendant, SAM'S EAST, INC. i/s/h/a "SAM'S CLUB STORE #6423 and SAM'S EAST, INC.", by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

      FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

      SECOND: Defendant denies the allegations set forth in paragraphs marked "2", "3", "4", "5", "6", and "7", except admits that SAM'S EAST, INC. is a foreign corporation registered to do and doing business in the State of New York.

      THIRD: Defendant denies the allegations set forth in paragraphs marked "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", and "21", except admits that SAM'S EAST, INC. is a sublessee of the premises and is the operator of the Middletown Sam's Club, leaving all other questions to the court.

      FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "22", and "23", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraphs marked "24", "25", and "26", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraph marked "27", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "28", and "29", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, SAM'S EAST, INC. i/s/h/a "SAM'S CLUB STORE #6423 and SAM'S EAST, INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       March 2, 2018

                            Yours, etc.

                            BRODY, O'CONNOR & O'CONNOR, ESQS.
                            Attorneys for Defendant

By: _____
       PATRICIA A. O'CONNOR
       7 Bayview Avenue
       Northport, New York 11768
       (631) 261-7778
       File No.: WM 18-152 PO

TO:   SOBO & SOBO, LLP
       Attorneys for Plaintiff
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign corporation.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       March 2, 2018

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
) ss:
COUNTY OF SUFFOLK )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 5th day of March, 2018, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
5th day of March, 2018.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OC6028806
Qualified in Suffolk County
My Commission Expires 06-06-18

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

Index No. EF001665/18        Year 20

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

JACELL GIBSON,

Plaintiff,

-against-

SAM'S CLUB STORE #6423 and SAM'S EAST, INC.,

Defendants.

**VERIFIED ANSWER and AFFIRMATION BY ATTORNEY**

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

Attorneys for

Defendant/SAM'S EAST, INC.
7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: ................................        Signature ..........................................................................

Print Signer's Name..........................................................

Service of a copy of the within

Dated:                                                                                                is hereby admitted.

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                                20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                      , one of the judges of the within-named Court,
at
on                        20           , at                    M.

Dated:

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

Attorneys for